UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TINA M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C20-5478-BAT <br><br> **ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff Tina M. seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred in evaluating the medical opinion evidence, finding that her mental impairments did not meet a listing, and assessing her residual functional capacity; she seeks remand for an award of benefits. Dkt. 18. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.    Medical opinions**

Plaintiff argues that the ALJ misevaluated the medical opinions regarding her mental and physical impairments. Dkt. 18 at 5. In general, the ALJ must give specific and legitimate reasons for rejecting a treating or examining doctor's opinion that is contradicted by another doctor, and

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

1  clear and convincing reasons for rejecting a treating or examining doctor's uncontradicted

2  opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

3      1.    *Mental impairments*

4  With respect to plaintiff's mental impairments, the ALJ evaluated opinions from

5  examining psychiatrist Mary Lemberg, M.D., examining psychologist Daniel Pratt, Psy.D., and

6  the state agency consultants. Plaintiff argues that the ALJ discounted Dr. Pratt's opinion without

7  explaining the stated reason and despite the fact that Dr. Pratt's opinion was consistent with Dr.

8  Lemberg's opinion, which the ALJ gave significant weight. Plaintiff also argues that the ALJ

9  erroneously gave significant weight to the consultants' opinions despite the fact that they relied

10  on Dr. Pratt in forming their opinion but found only moderate limitations where Dr. Pratt found

11  marked limitations Dkt. 18 at 5-6.

12  Dr. Pratt opined that plaintiff had moderate to marked limitations in most work activities

13  and rated the overall severity of her impairments as marked. Tr. 1211. The ALJ discounted Dr.

14  Pratt's opinion, finding, in full: "Little weight is given to these determinations, as they appear

15  heavily influenced by the claimant's subjective complaints rather than objective medical

16  assessments." Tr. 70. The ALJ gave no explanation for this finding nor any other reason for

17  discounting this opinion.

18  An ALJ does not provide an adequate reason for rejecting an examining doctor's opinion

19  by questioning the credibility of the patient's complaints where the doctor does not discredit

20  those complaints and supports his ultimate opinion with his own observations. *Edlund v.*

21  *Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Dr. Pratt did not call into question the

22  credibility of plaintiff's statements to him. To the contrary, he noted that plaintiff's score on the

23  Rey-15 test suggested adequate effort in performing to her full potential and indicated a lower

likelihood of malingering. Tr. 1212. And Dr. Pratt supported his opinion with his own observations and clinical assessment, including the results of the mental status examination he administered. Tr. 1212-13.

Moreover, an ALJ does not give a specific reason for rejecting an opinion by merely stating it is unsupported by sufficient objective findings. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). The ALJ must do more than offer her conclusions; she must also explain why her interpretation, rather than the treating doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey*, 849 F.2d at 421-22). The ALJ's conclusory statement that Dr. Pratt's opinion appeared to be heavily influenced by plaintiff's subjective complaints was both inaccurate and insufficient to reject an examining doctor's opinion. The ALJ erred by rejecting this opinion without giving specific and legitimate reasons for discounting it.

The state agency consultants opined that plaintiff would have difficulty remembering more complex instructions; she could remember and complete simple repetitive tasks; she could interact with the public appropriately on a superficial basis; and she would do best in a predictable working environment. Tr. 223-24, 237-39, 254-55, 268-69. The ALJ gave these opinions significant weight, finding that they were supported by the limited mental health treatment documented in the record and Dr. Lemberg's findings. Tr. 71. Plaintiff argues that this assessment was erroneous because the consultants cited primarily to Dr. Pratt's evaluation in developing their opinions but found only moderate limitations where Dr. Pratt found marked limitations. Dkt. 18 at 6-7. The Court finds that the reevaluation and reweighing of the medical opinions required by the ALJ's error in rejecting Dr. Pratt's opinion will necessarily entail a reweighing of the consultants' opinions. The ALJ shall reevaluate these opinions on remand.

*2.     Physical impairments*

With respect to plaintiff's physical impairments, the ALJ evaluated records from plaintiff's worker's compensation claim. Among these records was an orthopedic examination, in which the doctor opined that plaintiff could return to regular duty with restrictions. Tr. 941-43. The ALJ gave this opinion "substantial but not significant weight," finding that it was detailed and supported by objective evidence, but the record supported additional limitations. Tr. 70. The ALJ gave partial weight to the remainder of the opinions contained in the worker's compensation records, noting that these opinions ranged from plaintiff being able to return to full duty without restrictions, to being able to return to modified duty, to being unable to work. *Id.* The ALJ further noted that the Social Security Administration is subject to different rules and regulations than the worker's compensation program and found that the other opinions in the worker's compensation records did not contain adequate explanation for their findings. *Id.*

Plaintiff argues that the ALJ erred in discounting the other opinions in the worker's compensation records because this "likely" refers to the opinions of treating providers, which "suggests" that the ALJ improperly discounted the opinions of treating doctors without a specific basis for doing so. Dkt. 18 at 7-8. Plaintiff also argues that the fact that the worker's compensation program is subject to different rules and regulations than the Social Security Administration is a blanket statement that, without more, does not provide a reason to reject a medical opinion. *Id.* at 8.

Plaintiff's assertion about what was "likely" contained in these records and what the ALJ's reasoning "suggests" is speculative and is not sufficient to establish error in the ALJ's decision. A claimant waives an argument by failing to develop it. *See Ve Thi Nguyen v. Colvin*, No. C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D. Wash., May 8, 2014) (unpublished)

(*citing Vandenboom v. Barnha*rt, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met listings because claimant provided no analysis of relevant law or facts regarding listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review)). Plaintiff does not identify specific opinions that the ALJ improperly rejected, explain how the ALJ erred in finding that the opinions were not well supported by explanation, or explain how the ALJ's rejection of these opinions was harmful to her claim. Plaintiff has waived this argument by failing to do more than speculating as to what the ALJ's errors might have been. The Court declines to further consider the argument.

Plaintiff also asserts that various notations in the record and her testimony indicate limitations regarding her ability to sit, stand, walk, and perform postural movements. Dkt. 18 at 8. She points to worker's compensation records, her reports to Dr. Lemberg, and treatment notes documenting findings such as numbness and muscle spasms. *Id.* An ALJ must explain why "significant, probative evidence has been rejected," and must explain why uncontroverted medical evidence is rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). However, while the ALJ must "make fairly detailed findings in support of administrative decisions to permit courts to review those decisions intelligently," the ALJ "need not discuss all evidence presented." *Id.* at 1394-95. Plaintiff has not established, simply by pointing to treatment notes the ALJ did not discuss, that the ALJ erred in assessing the medical evidence or that there were functional limitations the ALJ should have included but did not.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

**B.     Step three**

The ALJ found at step three that plaintiff's impairments did not meet or equal a listed impairment. Tr. 65. The ALJ considered whether plaintiff's mental impairments met listings 12.04, 12.06, and 12.15 and found that with respect to the paragraph B criteria, plaintiff had moderate limitations in all four functional areas, and that plaintiff also did not meet the paragraph C criteria. Tr. 65-66.

Plaintiff argues that these findings are against the great weight of the medical evidence. Dkt. 18 at 10. She asserts that the ALJ erred by relying on plaintiff's subjective reports to find only moderate limitations even though the ALJ rejected Dr. Pratt's evaluation because it relied on those same subjective reports. *Id.* And she noted that Dr. Pratt, whose opinion the ALJ improperly rejected, found marked limitations in areas of concentration, persistence, and maintaining pace, interacting with others, and the ability to adapt. *Id.* at 11. She argues that if the ALJ were to properly credit this opinion, the ALJ would be required to find that her mental impairments meet or equal the listings. *Id.* She argues in the alternative that her mental impairments also meet the paragraph C criteria. *Id.* at 11-12.

The Court agrees that the ALJ's erroneous rejection of Dr. Pratt's opinion requires a reevaluation of whether plaintiff's mental impairments meet or equal the listings. This opinion is highly probative of the issue. However, because Dr. Pratt's opinion is but one component of that assessment, the Court declines to direct a finding that plaintiff is disabled at step three.

**C.     Remand for further proceedings**

Plaintiff argues that the ALJ's errors in evaluating the medical evidence mean the ALJ's RFC finding and finding of non-disability are not supported by substantial evidence and the decision must therefore be reversed and remanded. Dkt. 18 at 12-14. She further argues that an

immediate award of benefits is appropriate in this case. *Id.* at 15. The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule and may instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The Court finds that the error in this case does not establish the rare circumstances where remand for an award of benefits is appropriate. Even if Dr. Pratt's opinion were credited as true, a proper assessment of the evidence requires that it be weighed along with the other evidence, including Dr. Lemberg's examining opinion, the consultants' opinions, and plaintiff's testimony. Because further administrative proceedings could remedy the defect, the Court finds that an order directing an award of benefits is not appropriate in this case.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the medical opinion evidence related to plaintiff's mental impairments and shall reevaluate whether plaintiff's mental impairments meet or equal a listed impairment. The ALJ shall reassess plaintiff's residual functional capacity and redo the

//

//

//

1  remainder of the five-step disability evaluation process as necessary. The ALJ shall further

2  develop the record as the ALJ deems necessary and appropriate to make a new decision.

3       DATED this 28th day of January, 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge